UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRIY KUVSHYNOV, as surviving parent and personal representative of OLEKSANDRA KUVSHYNOVA, deceased, and individually, IRYNA MAMAYSUR, as surviving parent of OLEKSANDRA KUVSHYNOVA, deceased, and individually, and SHANE THOMSON, individually,<br><br>Plaintiffs<br><br>v.<br><br>FOX NEWS NETWORK, LLC, FOX CORPORATION, NEWS CORPORATION a/k/a NEWS CORP., RUPERT MURDOCH, SUZANNE SCOTT, BENJAMIN HALL, and HARPERCOLLINS PUBLISHERS L.L.C.,<br><br>Defendants. | Case No. 24-1950 |

**DEFENDANTS FOX NEWS NETWORK, LLC
AND FOX CORPORATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Fox News Network, LLC ("FNN") and Fox Corporation ("Fox Corp.") each remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of removal, FNN and Fox Corp. state as follows:

**NATURE OF THE REMOVED ACTION**

1. Plaintiffs commenced this action on March 14, 2024, by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York ("Compl"),[1] alleging liability of Defendants in connection with incidents arising from the war in Ukraine. A

---

[1] As of the time of this filing, an index number has not been assigned in the New York State Supreme Court.

1

copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiffs Andriy Kuvshnova and Iryna Mamaysur (collectively, the "Kuvshynovas") are the surviving parents of Oleksandra Kuvshynova, a Ukrainian journalist who was killed alongside a FNN cameraman and two Ukrainian soldiers in a car that were attacked by Russian artillery fire. Plaintiffs seek damages "for the wrongful death, pain and suffering, moral damages, fraud, and respective intentional infliction of emotional distress, defamation, tortious interference, and punitive damages . . . ." (Compl. ¶ 151.) The Complaint also seeks "an order releasing them from unenforceable contract obligations imposed on them by Defendants," which is presumably a reference to a release agreement entered into by the Kuvshynovas in exchange for a payment already made by FNN to the Kuvshynovs. (Compl. ¶ 152.)

3. Plaintiff Shane Thomson was an employee of a security advisor, SEPAR International ("SEPAR"). Plaintiffs allege that "unknown Fox employees devised and implemented the scheme to conceal Fox's wrongdoing, defraud the Kuvshynovs, and shift blame to Plaintiff Thomson." (Compl. ¶ 12.)

4. As of the time of this filing, Fox Corp. and FNN have not been served with the Complaint, but obtained a copy through other means. Upon information and belief, no Defendant has been served with the Summons and Complaint.

## DIVERSITY JURISDICTION

5. This Court has jurisdiction over this case, as it is between a foreign citizen or subject and citizens of one or more States, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1451(1). For diversity purposes, "a person is a 'citizen of the State' in which he is domiciled." *Core VCT PLC v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) (*quoting Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)). "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

6. Pursuant to 28 U.S.C. § 1446(c)(2)(A), because the Complaint seeks both nonmonetary relief and a money judgment without stating a specific sum, Fox Corp. and FNN state that the amount in controversy exceeds $75,000, exclusive of interests and costs. Moreover, upon information and belief, including correspondence from Plaintiffs' counsel, Plaintiffs are seeking damages in excess of $75,000.

## COMPLETE DIVERSITY EXISTS

7. Complete diversity exists because Plaintiffs and Defendants are citizens of different states or countries.

8. Upon information and belief, Plaintiffs Andriy Kuvshynova and Iryna Mamaysur were residents of and were domiciled in Ukraine at the time of the filing of the Complaint and remain so at this time.

9. Upon information and belief, Plaintiff Shane Thomson was a resident of and was domiciled in the United Kingdom at the time of the filing of the Complaint and remains so at this time.

10. The Complaint acknowledges that Defendant FNN is a Delaware limited liability company with its principal place of business in New York. (Compl. ¶ 5.) Because Defendant

FNN is a limited liability company, it "takes the citizenship of its members." *Avant Capital Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (citations omitted). FNN's sole member is Fox Television Stations, LLC, whose sole member is Fox Television Holdings, LLC, whose sole member is Foxcorp Holdings, LLC, all of which was also true at the time the complaint was filed. All of these companies were, and remain, formed in Delaware. The sole member of Foxcorp Holdings, LLC is Fox Corporation, which was a Delaware corporation with its principal place of business in New York at the time the Complaint was filed and remains so. Defendant FNN has not been served with the Summons and Complaint.

11. The Complaint properly acknowledges that Defendant Fox Corporation is a Delaware corporation with its principal place of business in New York. (Compl. ¶ 6.) 28 U.S.C. § 1332(c)(1). Fox Corporation has not been served with the Summons and Complaint.

12. The Complaint properly alleges that Defendant News Corporation is a Delaware Corporation. (Compl. ¶ 13.) 28 U.S.C. § 1332(c)(1). Upon information and belief, Defendant News Corporation has not been served with the Summons and Complaint.

13. Upon information and belief, Defendant Rupert Murdoch was a resident in, and was domiciled in, the state of New York at the time the Complaint was filed and remains so. Upon information and belief, Defendant Murdoch has not been served with the Summons and Complaint.

14. Upon information and belief, Defendant Suzanne Scott was a resident in, and was domiciled in, the state of New Jersey at the time the Complaint was filed and remains so. Upon information and belief, Defendant Scott has not been served with the Summons and Complaint.

15. Upon information and belief, Defendant Benjamin Hall was a resident in, and was domiciled in, the United Kingdom at the time the Complaint was filed and remains so. Upon information and belief, Defendant Hall has not been served with the Summons and Complaint

and is improperly joined as a defendant.

16. The Complaint properly acknowledges that Defendant HarperCollins Publishers LLC is a Delaware limited liability company with its principal place of business in New York. (Compl. ¶ 5.) Because Defendant HarperCollins Publishers LLC is a limited liability company, it "takes the citizenship of its members." *Avant Capital Partners, LLC*, 387 F. Supp. 3d 320, 322 (citations omitted). Defendant HarperCollins Publishers LLC's sole member is News Corporation, which is incorporated in Delaware, has its principal place of business in New York, was a citizen of Delaware and New York at the time the Complaint was filed and remains so. 28 U.S.C. § 1332(c)(1). Upon information and belief, Defendant HarperCollins Publishers LLC has not been served with the Summons and Complaint.

## **REMOVAL IS PROPER**

17. Removal of this action is proper under 28 U.S.C. § 1441. Although that statute bars removal of a case based on diversity of citizenship if a defendant "is a citizen of the State in which such action is brought," that bar applies only when such a forum-state defendant has been "properly joined *and served*." *See* 28 U.S.C. § 1441(b)(2) (emphasis added). The Second Circuit has squarely held that this so-called "forum defendant rule" does not prevent removal of a state-court action on diversity grounds before a forum-state defendant has been served. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) (recognizing that the forum defendant rule does not prevent removal by the home-state defendant before service is effected); *see also Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (same). Fox Corp. has not yet been properly served. FNN has not yet been properly served.

18. Removal also is timely and proper under 28 U.S.C. § 1446. Specifically, § 1446(b)(1) requires a defendant to remove within 30 days of receiving service.

19. Section 1446(a) requires the attachment of all process, pleadings, and orders served upon the removing defendant in the state action. Because neither FNN nor Fox Corp. (nor any other named and properly joined Defendant) have been served, no attachments are required under Section 1446(a). Nevertheless, the state court Complaint is attached as <u>Exhibit 1</u>.

20. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the Supreme Court of New York for New York County.

21. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on the Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

22. With this removal, neither FNN nor Fox Corporation waives any defense, including but not limited to insufficient service of process. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

**THEREFORE,** Fox News Network, LLC and Fox Corporation have each removed this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

/s/ *Steven G. Mintz*
Steven G. Mintz
Peter Guirguis
MINTZ & GOLD LLP
600 Third Avenue
New York, NY 10016
Tel: 212-696-4848
Email: mintz@mintzandgold.com
Email: guirguis@mintzandgold.com

*Counsel for Fox News Network, LLC and Fox Corporation*